UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARD OF TRUSTEES OF THE OHIO
LABORERS BENEFITS,

       Plaintiff,

                                  Civil Action 2:23-cv-1508
   v.                             Judge James L. Graham
                                  Magistrate Judge Chelsey M. Vascura

CD BUILDING SERVICES, LLC,

       Defendant.

## REPORT AND RECOMMENDATION

This matter is before the undersigned for a Report and Recommendation following

Defendant's failure to comply with Court Orders. For the following reasons, it is

**RECOMMENDED** that the Court **DIRECT** the Clerk to enter default against the Defendant.

### I.      Background

On December 8, 2025, the Court granted a motion made by Defendant's former counsel

seeking to withdraw. (ECF No. 29.) In that December 8, 2025 Order, the Court ordered

Defendant to retain new trial counsel and to have new counsel enter an appearance within 30

days. (*Id.*) The Court also reminded Defendant that, as a limited liability corporation, it could

only proceed in this Court through licensed counsel and that any filings submitted without an

attorney's signature would be treated as unsigned for purposes of Federal Rule of Civil

Procedure 11(a). (*Id.*) The Court expressly warned Defendant that noncompliance might result in

an entry of default against it. (*Id.*) But Defendant did not comply.

Accordingly, the Court issued a Show Cause Order on January 12, 2026, ordering Defendant to show cause as to why default should not be entered against it as a sanction for its noncompliance. (ECF No. 31.) The Court again reminded Defendant that it could not proceed without counsel. (*Id*.) Defendant had 14 days, or until January 26, 2026, to respond to the Show Cause Order. (*Id*.) To date, Defendant has failed to do so.

The record also reflects that the Court's December 8, 2025 and January 12, 2026 Show Cause Orders via U.S. Mail were returned as undeliverable even though the Clerk of this Court mailed both of them to Defendant's statutory agent. (ECF Nos. 29, 31.) Defendant has yet to provide the Court with an updated address.

## II.      Law and Analysis

A district court has the inherent power to sanction a party when that party exhibits bad faith. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–50 (1991). The "imposition of inherent power sanctions requires a finding of bad faith," *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002), or conduct "tantamount to bad faith," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). Bad faith includes refusal to comply with a court order. *Brown v. Tellermate Holdings, Ltd.*, No. 2:11-cv-1122, 2015 WL 4742686, at *6 (S.D. Ohio Aug. 11, 2015) (quoting *Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003)).

A district court's inherent authority to sanction derives from its power to impose respect in its presence, control the litigants before it, and guarantee the integrity of the courts. *See Chambers*, 501 U.S. at 43–44. Due to "their very potency, inherent powers must be exercised with restraint and discretion." *Id*. at 44 (citing *Roadway Express*, 447 U.S. at 764). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id*. at 44–45. Although dismissal of a lawsuit is a particularly severe

sanction, it is nevertheless within the Court's discretion. *Id*. at 45 (citing Roadway Express, 447 U.S. at 765.) It follows that the Court's inherent powers authorize the imposition of less severe sanctions as well.

Here, on December 8, 2025, the Court ordered Defendant to retain new counsel and have new counsel make an appearance. (ECF No. 29.) The Court allowed 30 days for compliance. (*Id*.) Defendant did not do so. On January 12, 2026, the Court issued a Show Cause Order and allowed Defendant until January 26, 2026 to comply. (ECF No. 31.) Again, Defendant did not do so. Nor has Defendant updated its mailing address with the Court.

The undersigned concludes that these repeated failures to comply with clear Orders—despite explicit warnings—constitute bad faith and warrant sanctions. *See Mitan v. Int'l Fidelity Ins. Co.*, 23 F. App'x 292, 294–95, 298–99 (6th Cir. 2001) (affirming sanctions against plaintiff whose "history of forum shopping and abusing the legal process" included failure to respond to three show cause orders). The undersigned further concludes that given Defendant's noncompliance, directing the Clerk to enter default against it is an appropriately calibrated sanction. It will guarantee the integrity of judicial proceedings, protect the Court's authority, and implement the very consequence that the Court warned might follow.

Moreover, Defendant has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [*pro se* litigant's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem.,*

3

*LLC*, No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) ("By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action."). Defendant's failure to provide an updated mailing address suggests it has abandoned its defense to Plaintiff's claims

### III.     Disposition

For all these reasons, it is **RECOMMENDED** that the Clerk be **DIRECTED** to enter default against Defendant as a sanction for its failure to comply with the December 8, 2025 Order and the January 12, 2026 Show Cause Order.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).   A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE